JEROME R. JOHNSON V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-477-CR

JEROME R. JOHNSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jerome R. Johnson appeals from his convictions for aggravated robbery with a deadly weapon and aggravated assault with a deadly weapon.  At the guilt/innocence stage, appellant waived his Fifth Amendment right against self-incrimination and testified during the defense’s case.  After the defense rested, the trial court permitted the State to introduce rebuttal evidence.  Appellant was not called to testify during this portion of the case.  In his sole point, he argues that, as a result of the State being permitted to introduce rebuttal evidence, his trial counsel was ineffective for failing to object to the trial court’s failure to include a jury instruction regarding his Fifth Amendment right not to testify during rebuttal and an instruction that no adverse inference may be drawn from that election.  We affirm.

We apply a 
two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, 
appellant must show that his 
counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

“[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id. 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.
 
 Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065
.

There is no evidence in the record indicating why appellant’s trial counsel did not object to the trial court’s failure to provide the jury with a no-adverse- inference instruction.  
See
 
Thompson
, 9 S.W.3d at 814.
  Furthermore, counsel’s decision not to emphasize appellant’s lack of testimony during rebuttal was a matter of trial strategy.  
See Calderon v. State
, 950 S.W.2d 121, 132 (Tex. App.—El Paso 1997, no pet.); 
see also Cuba v. State
, 905 S.W.2d 729, 733 (Tex. App.—Texarkana 1995, no pet.) (stating that once defendant voluntarily takes the stand he is subject to examination within the rules of evidence “on any aspect of the case, and on direct or 
on recall
”) (emphasis added).  We overrule appellant’s sole point.

We affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAY, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[DELIVERED: MARCH 20, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.